IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ARCD, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-115 |
| v. ) | |
| ) | |
| MERIDIAN SECURITY INSURANCE CO. ) | *Removed from the Superior Court of* |
| d/b/a/ STATE AUTO INSURANCE ) | *Grant County* |
| COMPANIES, ) | *Cause No. 27D03-1804-CC-000189* |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332(a)(1), 1441(a) and 1446, Defendant, Meridian Security Insurance Co., d/b/a State Auto Insurance Companies ("Meridian"), by and through their undersigned counsel, HeplerBroom, LLC hereby removes this action from the Superior Court of Grant County, Indiana to the United States District Court for the Northern District of Indiana. Removal is warranted under 29 U.S.C. §1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of the parties and the amount in controversy exceeds $75,000.00.  In support of its Notice of Removal, Defendants state as follows:

## BACKGROUND

1. On April 4, 2018, Plaintiff, ARCD, LLC, filed Cause Number 27D03-1804-CC-000189 in the Superior Court of Grant County, Indiana.  (A true and accurate copy of the Complaint is attached with the State Court Record and incorporated as Ex. A).

2. In its Complaint, Plaintiff alleges, *inter alia,* a cause of action for breach of contract against Meridian relative to the November 13, 2015 collapse of a building and resulting claim for benefits under Policy No. BOP 2801061 02.  (Ex. A).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

3.     The Superior Court of Grant County, Indiana, the Court in which this action is pending, is located within the jurisdiction of the United States District Court for the Northern District of Indiana.  *See* 28 U.S.C. § 94(a)(1). Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

4.     Pursuant to the provisions of 28 U.S.C. § 1446(d), Meridian will promptly file a copy of this Notice of Removal with the clerk for the Superior Court of Grant County, and will serve a copy of the same upon Plaintiff's counsel.

5.     Pursuant to 28 U.S.C. § 1446(a), a full copy of the State Court file, including all process, pleadings and orders that have been served upon Defendant – is attached as Exhibit A.

## DIVERSITY OF CITIZENSHIP EXISTS

6.     The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because it is a civil action between a corporation and a limited liability company which are domiciled, incorporated and/or have principal places of business in different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

*The Parties are Citizens of Different States*

7.     At all relevant times, Plaintiff, ARCD LLC, was a Wyoming limited liability company with its principal place of business located in San Diego, California.  (Ex. A, ¶ 1).

8.     "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

9.     "An individual [] is a citizen of the state where he is domiciled, which is 'the place one intends to remain.'"  *Broadwater v. Heidtman Steel Products, Inc.*, 300 F.Supp. 671, 672 (S.D. Ill. 2003)(quoting *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).  "Domicile generally

has two elements: (1) physical presence or residence in a state, and (2) an intent to remain in the state. *Transvision Technologies Holding, Inc. v. Knight*, 2005 WL 2246316, *2 (S.D. Ind. 2005)(citing *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)).

10. At all relevant times, ARCD LLC had one member, Jeff Lien. (A true and accurate copy of the relevant portions of the Examination Under Oath of Jeff Lien is attached and incorporated as Ex. B).

11. At all times relevant, Jeff Lien was a citizen of the State of California who maintained his permanent residence at 2214 Meade, San Diego, California 92116. At all relevant times, Jeff Lien maintained his domicile in California and was and is a California citizen and domiciliary. (Ex. B., p. 7, 9).

12. At all times relevant, Defendant, Meridian, was a corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana. (A true and accurate copies of the Indiana Secretary of State records are attached and incorporated as Ex. C; *see also* Ex. A, ¶ 2).

13. Based upon the information available, diversity is complete as Plaintiff is a Wyoming limited liability company with its sole member a domiciliary and citizen of the state of California and Defendant is an Indiana corporation with its principal place of business in Indiana.

***The Amount in Controversy Exceeds $75,000.00***

14. Plaintiff seeks to recover an amount in excess of $75,000.00, exclusive of costs and interests in its case against Meridian.

15. As set forth in its Complaint, Plaintiff seeks $161,140.00 in alleged damages under its policy of insurance. (Ex. A, ¶¶ 5, 8).

*The Notice of Removal is Timely*

16. Meridian was served with a copy of the Summons and Complaint on April 18, 2018. (A true and accurate copy of the Alias Summons is attached with the State Court Record and incorporated as Ex. A).

17. This Notice of Removal is filed within thirty (30) days after Meridian's receipt of the Alias Summons and Complaint on April 18, 2018. Thus, the notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

## CONCLUSION

18. Based on the above, the amount in controversy is in excess of $75,000, and the matter is between citizens of different states, and therefore the instant dispute is properly removable pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

19. After filing the original notice of Removal, Meridian will provide written notice of the same to Plaintiff and the Clerk of the Superior Court of Grant County, Indiana. (True and accurate copies of the Notice to State Court and Notice to Opposing Counsel are attached and incorporated as Ex. D).

WHEREFORE, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant, Meridian Security Insurance Company, an Indiana corporation, hereby remove this case from the Superior Court of Grant County, Indiana to the United States District Court for the Northern District of Indiana, for all further proceedings in this matter.

**Defendants further request a trial by jury on all counts of Plaintiff's Complaint.**

Respectfully submitted,

HEPLERBROOM, LLC

/s/ Justin Curtis

        Rick Hammond, #19044-45
        Justin Curtis, #28517-45
        2929 Carlson Drive
        Hammond, Indiana 46323
        219/427-5562
        rick.hammond@heplerbroom.com
        justin.curtis@heplerbroom.com
        ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the Odyssey E-file system, which will send notification of such filing(s) to the following: David A. Anderson, Anderson & Associates, PC, *Attorneys for Plaintiff*. A courtesy copy was e-mailed to:

David A. Anderson, Attorney No. 10480-49
ANDERSON & ASSOCIATES, PC
9247 N. Meridian Street, Suite 201
Indianapolis, Indiana 46262
andersonlawassoc@sbcglobal.net
*Attorneys for Plaintiff*

                /s/ Justin K. Curtis